Opinion issued June 6, 2002

 







 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00039-CR






JOSE DANIEL CAISEDO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 819486





O P I N I O N


Appellant, Jose Daniel Caisedo, was charged by indictment with the offense
of engaging in organized criminal activity, enhanced with two paragraphs alleging
two prior felony convictions. (1) The jury found appellant guilty, found the two
enhancement paragraphs true, and assessed punishment at 25 years confinement. We
affirm.

Facts

 Maria Jaime sought the services of El Indio Guatala, a "healer," to eliminate
her stomach pain and remove a "black shadow" in her house. She testified she called
the advertised telephone number, described her ailments to the woman who answered
the phone, and asked to speak with Guatala. She testified a man, later identified as
"Melquiades," (2) got on the phone, identified himself as "Guatala," and told Jaime that
she needed to see him immediately because he didn't charge for his services that day. 
Jaime took a taxi to the address Melquiades gave to her. When she arrived,
Melquiades and a woman were waiting for her. They told Jaime to get in their car,
and they drove back to Jaime's house. Jaime and Melquiades went into her house
while the other woman remained in the car. Jaime testified Melquiades raised her
blouse, spit on a piece of aluminum foil, and placed the foil on her stomach. She
testified the foil burned her skin, and she threw it to the ground. Melquiades then
asked Jaime for her savings, and Jaime said she had none. Jaime testified Melquiades
repeated his question in an angry tone, went to her closet, and took $4,000 which
belonged to Jaime and her son. Jaime did not give Melquiades permission to take the
money, but he took it and told her he was going to pray over it.

 Later that day, Jaime and her son went to Guatala's botanica (3) in Southwest
Houston to retrieve their money. Serrano and Melquiades arrived while Jaime and
her son were there, and Serrano identified himself as "Guatala." Jaime demanded
their money, but Melquiades refused to return it. When Jaime returned the next day
and again demanded their money, the secretary told her to go to Guatala's second
botanica. Jaime went to the second botanica and saw Serrano, Melquiades, and
appellant. Melquiades again denied Jaime's demand that he return the money. 
Eventually, Jaime went to the police.

 Houston Police Department Sergeant Patricia Graham made an appointment
with appellant at Guatala's second botanica as part of an undercover sting operation. 
When she arrived at the store, appellant identified himself as "Guatala" and led her
to a back room. Sergeant Graham testified she told appellant that she had had a
hysterectomy, and she wanted to become pregnant to prevent her husband from
leaving her. She testified appellant told her she would be pregnant within three
months after drinking specially prepared herbs. After Sergeant Graham paid
appellant an initial "consultation fee" of $1,300, he was arrested. 

 During the arrest, Maria Rangel arrived, identified herself as the owner of the
botanicas, and she was also arrested. Rangel then provided Sergeant Graham with
information which police used to continue the sting operation at the other botanica. 
There, Alonzo Serrano, claiming to be "Guatala," told Sergeant Graham he could heal
her with herbs, and he charged her $6,500. After Serrano instructed Sergeant Graham
to return in a few days for further treatment and accepted an initial payment of
$5,000, he was arrested.

Free Exercise Clause

 In point of error one, appellant argues the Organized Criminal Activity Statute,
Texas Penal Code section 71.02, as applied in this case, violates his rights to free
exercise of religion as provided by the Texas (4) and United States (5) Constitutions. Tex.
Penal Code Ann. § 71.02 (Vernon Supp. 2002). Appellant claims he was
prosecuted for representations he made based upon his religious beliefs, and those
representations are immunized from judicial scrutiny. Because appellant never
challenged the application of the statute on constitutional grounds at trial, his
argument is waived. See Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App.
1995).

 We overrule point of error one.


Legal Sufficiency

Combination

 In point of error two, appellant contends the evidence was legally insufficient
to sustain his conviction because the State failed to establish that all four individuals
named in the indictment, specifically Rangel and Melquiades, participated in a
criminal "combination" to commit theft. (6)

 We follow the usual standard of review for legal sufficiency. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). To secure a conviction for engaging in
organized crime, the State had to prove appellant, with the intent to establish,
maintain, or participate in a "combination" or in the profits of a "combination,"
committed, or conspired to commit, theft. Tex. Penal Code Ann. § 71.02 (a)
(Vernon Supp. 2002). A "combination" is defined as "three or more person who
collaborate in carrying on criminal activities, although: (1) participants may not
know each other's identity; (2) membership in the combination may change from time
to time; and (3) participants may stand in a wholesaler-retailer or other arm's length
relationship in illicit distribution operations." Id. 

 The State must not only that the accused intended to establish, maintain, or
participate in a group of three or more, but also that the members of the group
intended to work together in a continuing course of criminal activities. Dowdle v.
State, 11 S.W.3d 233, 236 (Tex. Crim. App. 2000); Nguyen v. State, 21 S.W.3d 609,
613 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). There must be evidence of an
agreement to act together in this continuing course of activity. Barber v. State, 764
S.W.2d 232, 235 (Tex. Crim. App. 1988).

 Circumstantial evidence may be used to prove the existence of an agreement
to collaborate in continuing criminal activities. Munoz v. State, 29 S.W.3d 205, 209
(Tex. App.--Amarillo 2000, no pet.). Such agreement may be inferred from the acts
of the parties. Tex. Penal Code Ann. §71.01(b) (Vernon Supp. 2002). Similar
methods of operation, together with joint activities and relationships, support the
finding of a single conspiracy. McGee v. State, 909 S.W.2d 516, 518 (Tex.
App.--Tyler 1995, pet. ref'd). Mere presence at the scene is insufficient in and of
itself to show intentional participation in the offense. Tate v. State, 939 S.W.2d 738,
750 (Tex. App.--Houston [14th Dist.] 1997, pet. ref'd). Rather, the actions of the
parties must show an understanding and common design to do the forbidden act. Id.
at 751. It is not a requirement that more than one criminal offense be proven to
establish the offense of engaging in organized criminal activity. Nguyen v. State, 1
S.W.3d 694, 697 (Tex. Crim. App. 1999).

 Appellant and Serrano

 Sergeant Graham testified appellant identified himself as "Guatala" at the first
botanica and Serrano identified himself as "Guatala" at the second botanica. Despite
Sergeant Graham's statement that she had had a hysterectomy, both appellant and
Serrano told her they could help her become pregnant through the use of an herbal
treatment. Furthermore, appellant and Serrano charged Sergeant Graham $1,300 and
$6,500, respectively, for their services. We conclude the similarities in appellant's
and Serrano's actions support the finding of an agreement to work together. See
McGee, 909 S.W.2d at 518. We also conclude that, viewing the evidence in the light
most favorable to the verdict, a rational juror could conclude appellant and Serrano
participated in activities that, with proof of participation of another individual, would
constitute a "combination" under section 71.02. See Johnson, 23 S.W.3d at 7;
Dowdle, 11 S.W.3d at 236.

 Rangel

 Appellant argues the evidence was insufficient to establish Rangel was a
member of the combination. Sergeant Graham testified Rangel arrived at the first
botanica after she arrested appellant, and Rangel told Sergeant Graham she was the
owner of the business and provided Graham with information about the second
botanica. Sergeant Graham testified Rangel said the utilities for both locations were
in her name, and Sergeant Graham was given documentation to substantiate Rangel's
claim. To show Rangel was a member of the combination, the State had to show her
admission of ownership and responsibility for the botanica's utility bills were
sufficient circumstantial evidence to establish she intended to work with at least two
of the other three individuals arrested in a continuing course of criminal activity to
commit the theft. The ownership and registration of utilities only establish Rangel's
presence at the stores, and not that she acted in combination with any of the other
indictees. The evidence was insufficient to show Rangel was a member of the
combination. See Tate, 939 S.W.2d at 750. 

 Melquiades

 Appellant argues that, because the indictment lists a "[H]ispanic male known
as Melquiades" as a participant in the criminal combination, and because the
reporter's record contains only one reference to the name "Melquiades," the evidence
was legally insufficient to demonstrate his participation in the alleged combination. 
 The State argues the reporter's record contains numerous misspellings of
Melquiades's name, and the context of the witnesses' testimony showed the witnesses
were referring to the same individual. The reporter's record shows that, at trial,
witnesses referred to individuals named "Melquiades," "Melcaris," "Melcares,"
"Melcharis," "Melcalis," "Megalis," "Mosquedo," and "medical key arm rest."

 We abated the appeal and directed the trial court to correct any inaccuracies
that existed in the reporter's record. See Tex. R. App. P. 34.6(e)(3). Specifically, we
ordered the trial court to determine to whom the witnesses were referring when using
the aforementioned names in their testimony and to prepare findings of fact. After
a hearing, the trial court entered findings of fact that "Melquiades, Melcaris,
Melcares, Melcharis, Megalis, Mecalis, Juan Megalis, and 'medical key arm rest'
refer to the same person, namely Melquiades." The trial court also found that
references to Mosquedo and Oscar Mosquedo are not inaccuracies in the reporter's
record and are references to another person.

 The evidence showed that, when Jaime called one of Guatala's botanicas,
Melquiades answered the phone at the shop and represented himself as "Guatala." 
Melquiades told Jaime to come to the store, and he and a woman went with Jaime to
Jaime's house. There, Melquiades "treated" Jaime and took money from Jaime's
closet without her permission. 

 The evidence also showed appellant, Serrano, and Melquiades each represented
themselves as "Guatala," they worked at botanicas operated by the same person, and
they intended to work together in a continuing course of criminal activity. See
Dowdle, 11 S.W.3d at 236. Viewing the evidence in the light most favorable to the
verdict, we conclude the evidence was legally sufficient for a rational juror to
conclude that appellant, Serrano, and Melquiades, participated in the combination to
commit theft. See Whitaker v. State, 977 S.W.2d 595, 598 (Tex. Crim. App. 1998);
Anderson v. State, 11 S.W.3d 369, 375 (Tex. App.--Houston [1st Dist.] 2000, pet.
ref'd).

 We overrule point of error two.

Theft

 In point of error three, appellant contends the evidence was legally insufficient
to sustain his conviction because the State did not prove appellant, Melquiades,
Serrano, and Rangel all committed or conspired to commit theft. Here, because
Texas Penal Code section 71.01(a) requires the participation of three individuals to
prove a combination, the hypothetically correct jury charge only required the State
to prove three of the four individuals named in the indictment committed or conspired
to commit theft. See Tex. Penal Code Ann. §71.01(a) (Vernon 2002). The State did
not need to prove the allegations made in the jury charge if they are more burdensome
to the State than the hypothetically correct jury charge. Gollihar v. State, 46 S.W.3d
243, 252 (Tex. Crim. App. 2002). The evidence was legally sufficient to show
appellant, Serrano, and Melquiades comprised a combination under the statute, and
the State need not prove Rangel was also a participant. 

 We overrule point of error three.


Conclusion

 We affirm the judgment.

 

 Davie L. Wilson

 Justice


Panel consists of Chief Justice Schneider and Justices Jennings and Wilson. (7)

Do not publish. Tex. R. App. P. 47.
1. § 
2. " "
3. 
4. § 
5. 
6. 
7.