NO. 07-02-0284-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 10, 2004

_____


BOBBY RAMSEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 258TH DISTRICT COURT OF POLK COUNTY;

NO. 16,329-C; HONORABLE ROBERT HILL TRAPP, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Bobby Ramsey brings this appeal challenging his conviction for the felony offense of assault of a public servant and jury-assessed punishment of five years confinement. Finding no reversible error, we affirm.

On March 8, 2001, appellant was incarcerated in the Terrell Unit of the Texas Department of Criminal Justice. That day he was one of several inmates involved in an

attack on correctional officer Jeffrey Childs in a dining hall. Appellant was one of seven inmates indicted for assault in July 2001. He plead not guilty and was tried in May 2002, together with two codefendents, Carl Williams and Kenneth Key.

Near the end of the trial, the court heard objections on a proposed jury charge. Included in that charge were several definitions, including a definition of public servant. After the definitions, the proposed charge apparently[1] provided:

> The defendant is presumed to have known the person assaulted was a public servant if he was wearing a distinctive uniform indicating his employment, to wit, a correctional officer, employed by the Texas Department of Criminal Justice - Institutional Division.

Counsel for Williams objected to this instruction on the basis that it was a comment on the weight of the evidence. At the suggestion of appellant's counsel, the trial court changed the phrase "the defendant" to "a person." After discussion of other issues, Williams' counsel stated he "still object[ed]" to the quoted passage, without elaboration.

After presenting a revised charge, the court asked if there were additional objections. Williams' counsel asked to clarify his objection, stating:

> It goes back to the section about the presumption that a person is a public servant if he is wearing a distinctive uniform. The end of that sentence says, "To wit, a correctional officer employed by the Texas Department of Criminal Justice - Institutional Division." That's the specific part at this point that I think that I'm objecting to as being a comment on the weight of the evidence. I think it's unnecessary, and it's basically instructing the jury to find that this guy is a public servant instead of leaving it up to them.

---

[1]A copy of the proposed charge does not appear in the record. However, its contents are apparent from the charge given and the discussion in the reporter's record.

After further discussion, the trial court agreed with the prosecutor's suggestion to end the sentence under discussion with the word "employment." Williams' counsel responded: "I think that will meet my objection. I still object to the sentence being in there, but I think that will make me more comfortable." Appellant's counsel adopted the objection of Williams' counsel. The instruction finally given to the jury was:

> A person is presumed to have known the person assaulted was a public servant if he was wearing a distinctive uniform indicating his employment. You are instructed that a correctional officer is a public servant.

Appellant now presents two points which, he argues, show error requiring reversal. They are that he was denied due process because, first, the jury charge created a mandatory presumption, improperly reducing the State's burden of proof, and second, the court failed to include the instruction required by Section 2.05 of the Penal Code. Appellant has combined his argument in support of his two points. We also will consider the points together.

Penal Code Section 2.05 was enacted to comply with the prohibition against constitutionally-impermissible mandatory presumptions in criminal cases. *See Willis v. State*, 790 S.W.2d 307, 310 (Tex.Crim.App. 1990). In *Willis*, the court recognized that mandatory presumptions deny a defendant's right to due process because they undermine the presumption of innocence. *Id.* Section 2.05 requires the court to instruct, with respect to a presumption of fact to be submitted to the jury and the specific element to which it applies: that the facts giving rise to the presumption must be proven beyond a reasonable doubt; that if so proven, the jury may find the presumed element exists, but is not bound

-3-

to do so; that the State must prove beyond a reasonable doubt each other element of the offense; and that if the jury has a reasonable doubt as to existence of the facts giving rise to the presumption, it fails and is not to be considered for any purpose. Tex. Pen. Code Ann. § 2.05 (Vernon 2003).

On the authority of *Anderson v. State*, 11 S.W.3d 369 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd), and *Rudd v. State*, 921 S.W.2d 370 (Tex.App.–Texarkana 1996, pet. ref'd), the State concedes that the failure to give the additional instruction was error, but argues it was harmless.

We agree the instructions set out in Section 2.05 of the Penal Code should have been given and their omission was in error under both theories advanced on appeal. Because this was an error in charging the jury, the standard we are to apply in determining if it was harmless depends on whether the error was properly preserved by timely objection. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). If the error was preserved, reversal is required if, considering the entire charge, the state of the evidence, including contested issues and the weight of probative evidence, arguments of counsel and any other relevant information revealed by the record of the trial as a whole, we find any harm, regardless of the degree. *Abdnor v. State,* 871 S.W.2d 726, 732 (Tex.Crim.App. 1994); *Anderson*, 11 S.W.3d at 374. If the error was not preserved, appellant must show the error was fundamental and it deprived him of a fair and impartial trial. *Almanza*, 686 S.W.2d at 171.

The State also concedes that the error was preserved for our review. Although it is not apparent that the objection to the charge asserted at trial is entirely the same as that argued on appeal,[2] we analyze the issue under the rule applicable to jury charges to which error was preserved because the State concedes the point, and because we consider the proper disposition of the issue to be clear even under that more stringent standard.[3]

The fact giving rise to the presumption of appellant's knowledge that officer Childs was a public servant was that the officer was wearing a distinctive uniform. Officer Childs testified without contradiction that he was on duty and was wearing his uniform at the time

---

[2]Objections to the jury charge must be made with sufficient specificity to permit the trial judge to correct any error, and complaint at trial on one ground does not preserve error for appellate review of a different complaint. *Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim.App. 1985); *Reyes v State,* 910 S.W.2d 585 (Tex.App.–Amarillo 1995, pet ref'd); *see* Tex. R. App. Proc. 33.1. Appellant's objection at trial, adopted from his codefendant Williams, was to the inclusion of an instruction on the presumption created by Penal Code Section 22.01(d) (Vernon 2003). But the objection at trial focused on instructing the jury that Childs was a public servant. Appellant's due process complaint on appeal is that the court's instruction created a mandatory presumption concerning his knowledge that Childs was a public servant. Further, appellant did not request, or object to the omission of, the additional instruction required by Section 2.05.

[3]Appellant argues that our harm analysis should be performed under Rule 44.2(a) of the Rules of Appellate Procedure, under which constitutional error requires reversal unless the reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Tex. R. App. Proc. 44.2(a). In support, appellant cites *Rose v. Clark*, 478 U.S. 570 (1986), for the proposition that the U. S. Supreme Court has mandated a "harmless beyond reasonable doubt" analysis in mandatory presumption cases. But the question decided in *Rose* was not whether that or some lesser standard applies to analysis of harm resulting from application of a mandatory presumption; the question was whether error in the application of such a presumption should be subject to any harm analysis at all or should be regarded as "structural" error. We apply the standard set forth in *Almanza*, but note that we would have no hesitation to conclude, on this record, that inclusion of the instruction based on Penal Code Section 22.01(d) without the instruction based on Section 2.05 did not contribute to appellant's conviction or punishment, beyond a reasonable doubt.

of the attack. Testimony also established he was the only correctional officer in the dining hall at that time and established that the attack was directed at him.

The charge instructed the jury that the prosecution bore the burden of proving appellant guilty and that the jury must acquit him if the prosecution failed to prove each and every element of the offense beyond a reasonable doubt. We see nothing in the charge that exacerbated the court's failure to include the requirements of Section 2.05. The instruction in the charge that a correctional officer is a public servant is a correct statement of the law, and was not a question of fact for the jury. *See* Tex. Pen. Code Ann. § 1.07(41) (Vernon 2003).

Appellant's brief describes the attack as a "general melee" and as one involving "a jumble of bodies," leading to reasonable doubt that appellant "knew that it was a guard at the bottom of the pile." The record does not bear out this description of the attack. Although officer Childs testified that several inmates began hitting him after Williams struck the initial blow, that he soon fell to the floor from the blows, that he tried to crawl underneath a sink for protection but was dragged out from under it, and that he curled into a "fetal position" on the floor to protect his face, the record does not present a picture of a jumble or pile of bodies, or a free-for-all in which appellant could have kicked someone without knowing he was kicking the only guard in the room. Officer Childs testified that, while he was on the floor, appellant kicked him in the back. There is no evidence that anyone but officer Childs was on the floor during the attack. One witness who observed part of the attack through a window testified that inmates were taking turns kicking or stomping the officer. That witness's testimony indicates that she immediately recognized

-6-

the victim of the attack to be an officer. One of the inmates who was behind the food serving line testified that, after the officer went to the floor, he was surrounded by inmates who kicked and hit him.

Neither counsel for appellant nor that representing either of his codefendants made an issue of their clients' knowledge concerning the identity of the victim of the attack as a correctional officer. Although Williams' counsel stated to the court during the charge conference that the jury should be required to find that the victim was a public servant, he did not argue to the jury that there was reason to doubt that fact or to doubt that the defendants knew of the victim's status. The prosecutor's argument during his closing statement that the defendants "knew [officer Childs] was a correctional officer doing his job" was not challenged by any of the defense counsel. The focus of appellant's counsel's argument was to question whether the evidence established that appellant participated in the attack, particularly to question whether officer Childs could have seen appellant kick him in the back from his position on the floor. No argument was made that appellant did not realize the person being attacked was an officer.

Consideration of the record as a whole, including the entire charge, the evidence and the arguments of counsel, leads to the conclusion that the trial court's error of instructing the jury concerning the presumption arising from officer Child's wearing the distinctive uniform without also instructing in accordance with Section 2.05 did not cause appellant harm in this case. *Abdnor*, 871 S.W.2d at 732; *Rudd*, 921 S.W.2d at 373.

For the reasons stated, we overrule appellant's points of error and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.