Opinion issued November 3, 2011.

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01042-CR

———————————

Johntae Javon Johnson, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 232nd District Court 

Harris County, Texas



Trial Court Case No. 1266218

 



 

MEMORANDUM OPINION

          A
jury convicted appellant, Johntae Javon Johnson, of aggravated assault with a
deadly weapon.[1]  Appellant pleaded true to an enhancement
allegation, after which the jury assessed punishment at five years’
confinement.  In a single point of error,
appellant contends the evidence is insufficient to support his conviction.  We affirm.

BACKGROUND

          The complainant,
Kenneth Suter, had just completed his shift as a DJ for the Vixxen Cabaret when
he heard about a fight in the parking lot between two employees, Brittany
Brown, a dancer, and Jackie Peppers, a waitress.  Suter and another DJ, Matt Graves, went
outside and tried to separate the two women. 
Suter grabbed Peppers, and Graves grabbed Brown.  Peppers’s boyfriend, appellant, who was with
her at the club that night, pulled a gun, pointed it at Suter, and said “get
your hand off my f…ing girlfriend.”  Suter
released Peppers and responded to appellant with racial epithets.  Suter then told appellant to put away the gun
so that the two men could fight one-on-one. 
The club manager came outside and ordered Suter to go back inside, which
Suter did.  After having a drink, Suter
went home.

          The
other DJ, Graves, testified to essentially the same facts.  As he and Suter attempted to break up the
fight, appellant pulled a gun and waved it toward Suter and across the crowd toward
Graves, stating that he was “calling the shots” now.  Graves and Suter released the two women, who
resumed fighting.  Graves also heard
Suter make racial comments toward appellant. 
Additionally, Graves testified that he saw appellant strike Brown with
his fist and a black object in his hand. 
Brown went limp and fell to the ground.

          Brown
testified that Peppers was angry because Brown owed Peppers money, so Peppers
waited for Brown outside the club after closing.  Peppers demanded money and then punched Brown
in the face several times.  Brown
testified that Suter grabbed Peppers to try to break up the fight, but that
appellant pulled out a gun and demanded that Suter release Peppers.  Brown also testified that appellant struck
her in the head with the gun.  

          During
the investigation, Brown gave both a written and videotaped statement to police
that differed from her testimony at trial. She told police that two black males
held her down while Peppers beat her, and that appellant fired two shots at
her.  She also changed the amount of
money that she claimed Peppers stole from her.  In her written statement, Brown never
mentioned the two DJs trying to break up the fight.

          Peppers
also testified, admitting that she assaulted Brown and that appellant was with
her at the time.[2]  Peppers testified that when Suter grabbed
her, appellant told Suter to “take his f…ing hands off his girlfriend.”  However, Peppers testified that appellant did
not have a gun.

          Christmas
Eve Hall, a former roommate of Peppers, was arrested along with Peppers because
Peppers had rented the hotel room in which she and appellant were staying using
Hall’s name.  Hall testified that Peppers
told her that Peppers had beaten up another girl and that appellant had pulled
a gun on the DJ to prevent him from breaking up the fight.

          Houston
Police Officer K. Gardner-Sanders testified that, as part of her investigation,
she interviewed appellant.  In his
tape-recorded statement to the officer, appellant admitted being at the club
with Peppers and trying to push Suter away from Peppers, but denied pointing or
possessing a gun.

SUFFICIENCY OF THE
EVIDENCE

          In his sole issue on appeal, appellant contends the
evidence is legally insufficient to support the jury’s verdict.

 

 

Standard of Review

When evaluating the legal sufficiency of the evidence, we view the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex.
Crim. App. 2005).  We do not resolve any
conflict of fact, weigh any evidence, or evaluate the credibility of any
witnesses, as this is the function of the trier of fact.  See Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999). 

Analysis

A person commits aggravated assault if he intentionally or knowingly threatens another
with imminent bodily injury while using or exhibiting a deadly weapon during
the assault. Tex. Penal Code Ann.
§§ 22.01, 22.02 (Vernon 2011).   To show
assault by threat, the State must show that appellant acted with the intent to
cause in another person a reasonable apprehension of imminent bodily injury,
though not necessarily with the intent to actually cause such injury. Dobbins
v. State, 228 S.W.3d 761, 766 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d).


          Appellant argues that “[t]he evidence
of an implicit threat by Appellant pointing a weapon was so weak that a
rational trier of fact could not have found that essential element beyond a
reasonable doubt.”  Specifically,
appellant argues that he made no express verbal threat to Suter, and that no
threat could be implied because (1) no shots were fired, (2) “the evidence of
pointing [the gun] was confused at best,” (3) appellant “primarily waved the
gun at the crowd,” and (4) Peppers testified that she never saw appellant with
a gun.  We disagree.

A perpetrator’s threat of serious bodily injury may be
communicated to the victim by his action, conduct, or words.  McGowan v. State, 664 S.W.2d 355, 357
(Tex. Crim. App. 1984).  Here, three
witnesses—Suter, Graves, and Brown—saw appellant[3]
pull a gun.  Suter testified that
appellant pulled a gun, pointed it at Suter, and said, “get your hand off my
f…ing girlfriend.”  Although Graves
described appellant as waving the gun across the crowd, he described the “wave”
as beginning with the gun pointed toward Suter and ending with the gun pointed
toward Graves.  Graves also testified
that appellant shouted that he was “calling the shots.”  From these words and deeds, a rational jury
could have concluded that appellant threatened Suter with bodily injury while
using a deadly weapon.  See Ward v. State, 113 S.W.3d 518,
521 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (holding that aiming
deadly weapon at supposed victim is sufficient evidence of  threat to sustain aggravated assault
conviction); see also Anderson v. State, 11 S.W.3d 369,
375–76 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (pointing a gun at a
supposed victim sufficient evidence of threat for aggravated assault); Rodriguez
v. State, 955 S.W.2d 171, 174 (Tex. App.—Amarillo 1997, no pet.) (same).

          Nevertheless, appellant claims that Ward is distinguishable because, in that
case, the defendant fired shots when he committed the aggravated assault.  We note, however, that aggravated assault
does not require that the appellant actually discharge the deadly weapon. Rather,
it requires only that the assault be committed while using or exhibiting a deadly weapon. Tex.
Penal Code Ann. §§ 22.01, 22.02 (Vernon 2011).  Three witnesses testified that appellant
exhibited a deadly weapon.

          Regarding appellant’s claim that the
evidence is insufficient because Peppers testified that appellant did not have
a gun, we note that the jury resolves conflicting evidence. See Dewberry,
4 S.W.3d at 740.  In a sufficiency
of evidence review, we do not re-evaluate the weight and
credibility of the witnesses and substitute our judgment for that of the fact
finder.  See Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007); see also Lee v. State, 176
S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004) (“[T]he jury was free to
believe all or any part of the testimony of the State’s witnesses, and
disbelieve all or any part of the witness testimony.”), aff’d, 206 S.W.3d 620 (Tex. Crim. App. 2006).  Here, the jury was free to believe Suter,
Graves, and Brown, and to disbelieve Peppers.

Viewing the evidence in the light most favorable to the
verdict, we conclude that a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  See Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Drichas, 175 S.W.3d at 798.  Accordingly, we overrule appellant’s first
issue.

CONCLUSION

We affirm the trial court’s judgment.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           See Tex. Penal Code Ann.
§§ 22.01, 22.02(a)(2) (Vernon 2011). 



 

 





[2]
          Although neither Suter nor
Graves could identify appellant at trial, Brown identified him as Peppers’s
boyfriend, “Cook,” and Peppers testified that appellant was with her at the
club that night.





[3]
          Although Suter and Graves were
unable to identify appellant at trial, appellant does not contest the issue of
identity.  In his statement, he admitted
being at the bar with Peppers, and Peppers and Brown both testified that
appellant was with Peppers at the bar. 
Thus, the issue is not one of identity. 
The issue is whether appellant was armed with a gun and threatened
Suter.