**Opinion filed October 23, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-12-00356-CR

_____

## DREW ANTHONY NICKASON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR39587**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Drew Anthony Nickason, of the offense of aggravated assault with a deadly weapon and found, in a special verdict, that Appellant had attacked the victim because of Appellant's bias or prejudice against the victim's race. Appellant elected to have the trial court assess punishment, and he entered a plea of "true" to an enhancement allegation. After the trial court heard evidence on punishment, it assessed punishment at confinement for twenty-five

years and then sentenced Appellant accordingly. Appellant asserts in a single issue that the trial court erred when it denied his request for a self-defense instruction to the jury. We affirm.

## I. *Evidence at Trial*

Appellant has not challenged the sufficiency of the evidence, so we outline only those facts pertinent to his single issue on appeal. The grand jury indicted Appellant for aggravated assault with a deadly weapon.[1] The indictment included an enhancement allegation that Appellant targeted the victim, Levi Drone, because of Appellant's bias or prejudice against the victim's race.[2] The State provided notice of an additional enhancement: a prior felony conviction of aggravated robbery.[3] Appellant pleaded "not guilty," and the case proceeded to trial.

Two groups of men—one group of approximately six to eight white males and one group of four African-American males: namely, Drone; Johnny Taylor, Jr.; Marcus Lairis Davis; and Christopher Jerel Moore—were in the parking lot at the Buffalo Wild Wings restaurant in Midland. The white males used profanity, "'F'-bombs," to address Drone, Taylor, Davis, and Moore and shouted racial slurs, like "freaking n----rs" at the four men. The four men had just exited the restaurant after finishing their meals.

Drone responded to the white males by asking if the white males were talking to them. A short white male took his shirt off to show a Confederate flag tattoo, while another white male pulled out a semiautomatic handgun and said, "Y'all don't want these problems today." After seeing the gun, Drone and his friends tried to leave, but a white male rushed Davis and hit him on the head.

---

[1]TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

[2]TEX. PENAL CODE ANN. § 12.47 (West 2011); TEX. CODE CRIM. PROC. ANN. art. 42.014 (West 2006).

[3]TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2014).

2

Several white males then rushed Drone, Taylor, and Moore, and a fight ensued. Appellant and Drone fought, as did Appellant and Moore. The white male with the gun hit Davis in the mouth and the back of the head, and Davis went to the ground bleeding and later vomited blood. All but two of the white males then left the scene in pickups.

As Drone turned his attention to Davis, who was on the ground shaking and vomiting, the two white males, Dallas Decker and Appellant, ran behind a building,[4] but they soon came back with knives and were ready to fight. They shouted, "We'll beat you n----rs up." The short white male yelled, "Heil Hitler," while the other white male shouted, "Ha, ha, yeah n----rs. Ha, ha, we got y'all." Drone told Appellant that Davis was hurt, and Appellant responded that he did not care.

Drone warned Appellant not to approach him. Appellant backed off, then drew a knife, and moved again toward Drone. Drone then removed his belt and swung it to defend himself. Taylor stood up from assisting Davis to prevent the short white male from attacking Drone. As Appellant moved toward Drone and brandished a knife, Appellant yelled, "N----r, f--k you, motherf----r, you n----r," and similar racial epithets. While defending himself from Appellant, Drone fell down; Appellant then stabbed Drone on the underside of his arm near the triceps. Decker and Appellant then ran away a second time but were later apprehended by police.

After Appellant was arrested and taken to the police station, he waived his *Miranda*[5] rights and spoke to Kay Therwhanger, a detective with the Midland Police Department who had begun the investigation into the parking lot

---

[4]Jeremy Shaw, an employee at Buffalo Wild Wings who was taking out the trash, saw two white males running and heard them say, "We got them," as the two males ran behind the building. Shaw then went to the parking lot where he saw a man on the ground bleeding.

[5]*Miranda v. Arizona*, 384 U.S. 436 (1966),

3

altercations and the stabbing of Drone. When asked by Detective Therwhanger if he had brandished a knife and stabbed Drone, Appellant denied that he had a knife or that he had stabbed anyone.

Later in the interview, Appellant admitted that he had a knife but maintained that he had not stabbed anyone. Later still, Appellant said he acted in self-defense, but he did not remember stabbing Drone. Still later in the interview, after Detective Therwhanger confronted Appellant with other witnesses' statements, Appellant continued to maintain that he had acted in self-defense but that he did not remember that he stabbed anyone. Appellant also said that he did not dispute what others had said but that he had no memory that he stabbed anyone.

Dallas Decker, Brandon Orr, and Matthew Blain invoked their Fifth Amendment rights and refused to testify. Appellant also did not testify at trial. Appellant asserted that the trial court must include a self-defense instruction when evidence adduced at trial demonstrated that Drone pulled out and swung his belt around before Appellant drew his knife to defend himself and that Appellant acted in self-defense because he was in fear of his life during the altercations. The State argued that, because there was no testimony from anyone that Appellant had admitted that he stabbed Drone, but did so in self-defense, Appellant was not entitled to a self-defense instruction. The trial court agreed and denied Appellant's request.

## II. *Analysis*

Texas law provides that a trial court shall "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case [and] not expressing any opinion as to the weight of the evidence." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). A trial court is required to instruct the jury on statutory defenses, affirmative defenses, and justifications when they are raised by the evidence. *Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007).

When we review a claim of jury charge error, we engage in a two-step process. First, we determine whether error exists, and then we "determine whether sufficient harm resulted from the error to require reversal." *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

Self-defense is a justification for conduct that would otherwise be criminal. *See* PENAL §§ 9.02, 9.31, 9.32. "A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). A defensive issue is "raised by the evidence" if there is sufficient evidence to permit a reasonable jury to find in the defendant's favor on the issue. *Ferrel*, 55 S.W.3d at 592 (citing *Mathews v. United States*, 485 U.S. 58, 63 (1988)). A defendant need not testify for a defensive issue to be sufficiently raised. *Smith v. State*, 676 S.W.2d 584, 585–87 (Tex. Crim. App. 1984); *Johnson v. State*, 271 S.W.3d 359, 362 (Tex. App.—Beaumont 2008, pet. ref'd).

Appellant complains of the trial court's failure to charge the jury on the law of self-defense. The defendant has the burden to produce sufficient evidence at trial to raise the issue of self-defense. *Harris v. State*, No. 11-11-00045-CR, 2013 WL 655223, at *6 (Tex. App.—Eastland Feb. 21, 2013, no pet.) (mem. op., not designated for publication) (citing *Hill v. State*, 99 S.W.3d 248, 250 (Tex. App.—Fort Worth 2003, pet. ref'd)). Because self-defense is a justification defense, the defendant essentially is required to admit that he committed the conduct that resulted in the indictment in order to be entitled to a charge on self-defense. *Hill*, 99 S.W.3d at 250; *see Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007) (stating that, as to necessity and self-defense, "a defensive instruction is only appropriate when the defendant's defensive evidence essentially admits to every

5

element of the offense"); *see also Anderson v. State*, 11 S.W.3d 369, 372 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (a defendant must admit the offense to be entitled to an instruction on self-defense).

During her interview of Appellant, Detective Therwhanger asked Appellant questions about his altercation with Drone. The following exchange then occurred:

> Detective Therwhanger: "Did you stab the chunky black male?"
>
> Appellant: "Stab him? No."
>
> Detective Therwhanger: "I have got three probably six witnesses who say you had a knife in your hand and you stabbed him under his arm."
>
> Appellant: "I didn't stab anybody."

Detective Therwhanger asked Appellant additional questions about the evidence against him, and the following exchange occurred:

> Detective Therwhanger: "Why would they make this up?"
>
> Appellant: "I didn't have any knife."
>
> Detective Therwhanger: "They said you had one."
>
> Appellant: "If I had a knife, I'd tell you I had a knife. But I didn't have a knife."

Throughout the remainder of her interview, Detective Therwhanger continued to ask Appellant if he had a knife and whether he used it to defend himself. Appellant repeatedly either denied that he had pulled a knife on the victim or claimed to have no memory of such action. Appellant also claimed, in his interview, that he acted in self-defense and admitted that he had a knife with him, and he also said that he did not dispute what others had said but that he had no memory that he pulled a knife on the victim or stabbed him. Appellant did not

6

testify at trial.  Because Appellant denied that he committed the conduct charged in the indictment and because there was no evidence from any other source to show that he was entitled to a charge on self-defense, he was not entitled to a charge on self-defense.  We overrule Appellant's sole issue.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


October 23, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.