**Anita Yvonne WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 01–95–00213–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 12, 1996.

Jerome Godinich, Houston, for Appellant.

John B. Holmes, Jr., Houston, for Appellee.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of injury to a child and assessed punishment of 75 years in prison. We affirm.

## FACTS

On December 31, 1994, appellant placed her two-year-old son, Floyd, in a bathtub filled with scalding hot water, causing second and third degree burns to his waist, buttocks, and lower extremities. In total, 40% of his body was burned.

On January 5, 1995, appellant and her male companion, Sam Holmes, moved to a rental house. Mr. Holmes' brother, Wilson Holmes, helped them move their belongings. Wilson Holmes testified that he tried to pick up Floyd, who was lying on the floor wrapped in a blanket, but the child "shrunk backward" and cried. When Holmes asked what was wrong with Floyd, appellant told him that Floyd had injured his foot. The owner of the rental house, Evelyn Hughes, testified that she observed the child wrapped in a blanket, crying and trembling. Hughes believed that the child was suffering a seizure and offered to take the child to the hospital in her van. Appellant declined her offer, telling Hughes that she had already taken Floyd to the doctor and he had diagnosed Floyd with bronchitis.

On January 13, 1994, appellant discovered that Floyd was not breathing and called 911. When the paramedics arrived, the child was dead.

The medical examiner, Eduardo Bellas, testified that the location of Floyd's burns on his lower torso, the absence of any burns on his hands, and a less severe burn pattern on his right thigh suggest that the child was forcibly submerged in the scalding hot water. Bellas attributed the child's injuries to abuse. He further testified that the autopsy revealed other evidence of abuse: a healed scar on the back, a recent contusion inflicted 12 to 24 hours prior to his death, and a laceration in the process of healing.

At trial, appellant testified that she checked the temperature of the bath water before placing Floyd in the tub. She stated that the water was warm, but not hot enough to burn him. Appellant also testified that during the period between the bath and his death, Floyd was able to walk, but the wounds gradually worsened over a period of days.

## WAIVER

The State contends that appellant waived all points of error by admitting her guilt at the punishment phase of trial. An admission of guilt at the punishment phase is the equivalent of a guilty plea and waives non-jurisdictional errors from the guilt-innocence phase of the trial. *DeGarmo v. State,* 691 S.W.2d 657, 661 (Tex.Crim.App.), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985).

The State relies on the following testimony as an admission of guilt:

COUNSEL: Did you understand the decision of the jury?

APPELLANT: Yes.

COUNSEL: Do you agree or disagree with the decision of the jury?

APPELLANT: I agree.

COUNSEL: Do you admit to what the State alleges?

APPELLANT: I don't understand.

COUNSEL: Did you—do you—do you agree at this time what the State of Texas alleged that you had done to Floyd?

APPELLANT: Yes.

COUNSEL: Do you understand that question?

APPELLANT: (Shakes head) No.

COUNSEL: On the 13th of January of 1994, did you commit an offense against Floyd Williams?

APPELLANT: No. I didn't.

COUNSEL: You understand what the jury said?

APPELLANT: Yes.

COUNSEL: That they agreed with the State of Texas?

APPELLANT: Yes.

COUNSEL: Do you argue with their decision?

APPELLANT: No.

Appellant did not confess. She twice expressed understanding of and agreement with the verdict, but when asked specifically if she committed an offense against Floyd Williams, she denied it. Moreover, she did not understand two of the questions. In context, we cannot find that appellant has clearly admitted her guilt to the specific crime charged in the indictment. Therefore, the *DeGarmo* doctrine does not apply.

## AUTOPSY PHOTOGRAPHS

In her first point of error, appellant contends the trial judge abused his discretion by admitting three autopsy photographs, State's exhibits 20, 21, and 23, because their probative value was substantially outweighed by their prejudicial effect. Appellant has not preserved this point for review.

Appellant's attorney objected to State's exhibits 20, 21, and 23 in the following manner:

STATE: May the Record reflect that I am showing these to Defense Counsel for his review?

COUNSEL: No objection as to 20.

I would object as to 21. Violation of Rule 403. Specifically it's cumulative.

I would object to—uh—22 under the same principle.

I would object to 23 under the same Rule, based on the—it confuses the issues in this case.

But again, also, the general Rule 403, it would apply to all three.

Would the Court like for me to—

COURT: I'd like to see the photographs and have Counsel up here, please, if I may.

(The attorneys approach the Bench and the following discussion is held out of the hearing of the jury.)

COURT: I'm going to admit 21 because it shows the extent of the lengths of the injuries to the body and I think for that reason it will aid the jury.

Now as to Photographs Number 22 and 23, I'm going to grant your objection on the basis that they are cumulative and—uh—these will not be admitted.

STATE: Okay.

COUNSEL: Then may I change my—on 20, I—I object to that as cumulative also, based on 403, Your Honor?

COURT: No. You had no objection. But even if you decide to change now, I will admit that one. Twenty and 21 will be admitted.

STATE: May I respond to whatever his objection was on 23, Your Honor?

COURT: Twenty-two and 23, yes.

STATE: Twenty-three, Dr. Bellas—I'm going to ask him about the tags on the back injuries, that we be able to talk about them now, the subcutaneous hemorrhage under the skin. That goes again towards the intent of this Defendant. Uh—

COURT: All right.

You're saying the depth?

STATE: Yes, the depth of those scars.

COURT: Very well. If it's to show the extent of those injuries, then I will admit it. So, 23 is admitted now.

You're going to need this to show that.

Number 22 is excluded.

STATE: Okay.

COURT: So, Photographs Number 20, 22, and 23.

STATE: Twenty, 21, and 23, in?

COURT: Twenty, 21 and 23 are admitted over objection.

Number 22—uh—the objection to their admission is sustained. That one is not admitted.

■ Appellant's "general Rule 403" objection is insufficient to preserve error. TEX. R.CRIM.EVID. 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, or misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence.

Rule 403 provides five distinct grounds for excluding otherwise relevant evidence. Appellant's "general Rule 403" objection was too general and forced the trial judge to determine which of the five specific grounds was applicable. Thus, it did not give the judge any specific ground on which to rule. *See* TEX.R.APP.P. 52(a); *Murdock v. State,* 840 S.W.2d 558, 566 (Tex.App.—Texarkana 1992), *vacated on other grounds,* 845 S.W.2d 915 (Tex.Crim.App.1993). However, appellant specifically objected to exhibits 20 and 21 as cumulative and to exhibit 23 as confusing the issues. We will consider those objections on the merits.

■ Exhibit 20 shows the victim's body on its side, with the right leg on top of the left. It shows that the right leg has much less damage from the mid-calf and above the knee than the rest of the lower body. It gives the jury a view of injuries not shown by other photographs. This exhibit was used by expert witnesses to show the child was forcibly held under water. Dr. Bellas, who performed the autopsy, used the photo to show the part of the right thigh area that was significant because it was not burned. Dr. Rosen testified based on exhibit 20 that the child was probably submerged in burning water and not allowed to get out. He stated that the pattern of the burns shows the child was trying to escape. We conclude that exhibit 20 was not cumulative and had great probative value. It is a small photograph, apparently in black and white, and not especially gruesome. Its probative value is not outweighed at all, much less substantially outweighed, by the danger of needless presentation of cumulative evidence, the sole basis of appellant's specific objection.

■ Appellant objected to exhibit 21 as generally violating rule 403 and specifically

as being cumulative. We will consider only the objection that it is cumulative. Exhibit 21 is a full body view of the victim on his back, taken from the left side, showing burns from the abdomen to the feet but not above the abdomen. No other photograph shows injuries to the groin and buttocks area as clearly because all the other photographs show the victim clothed or partially clothed with a diaper. Thus, exhibit 21 has considerable probative value that is not outweighed at all, much less substantially outweighed, by the danger of the needless presentation of cumulative evidence.

■ Appellant objected to exhibit 23 generally under rule 403, which we will not consider, and specifically that exhibit 23 confused the issues. Exhibit 23 shows the victim's back with incisions made by the medical examiner in order to point out bruises that would not otherwise show because of the victim's dark skin color. It also shows scarring on the buttock. We doubt that appellant's objection that exhibit 23 "confuses the issue in this case" preserves error for appellate review. Appellant did not identify any issue presented by exhibit 23 that was outside the scope of the case or any issue in the case that would be obscured by exhibit 23. Even if the objection was sufficient, however, we find no abuse of discretion. Dr. Bellas testified that the incisions were made in order to disclose "hidden evidence of injury" and "multiple small scarring." Although this photograph arguably has less probative value than the others, its probative value is not substantially outweighed by the danger of confusion of the issues.

Point of error one is overruled.

## MISTAKE OF FACT

■ In her second point of error, appellant contends the trial judge should have instructed the jury on the defense of mistake of fact.

Mistake of fact is defined as follows:

It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

TEX.PENAL CODE ANN. § 8.02 (Vernon 1994). The judge must give the instruction upon proper request if the evidence raises the issue. *Willis v. State,* 790 S.W.2d 307, 314 (Tex.Crim.App.1990). In an injury to a child case, the trial judge must instruct the jury on a mistake of fact defense if the appellant testifies she believed the water was safe. *Beggs v. State,* 597 S.W.2d 375, 380 (Tex. Crim.App.1980).

Appellant contends an instruction should have been given regarding the temperature of the bath water. Appellant testified that she drew the bath, and when she put the child in the tub, the water was not hot. Assuming that this testimony raised an issue of mistake of fact, we conclude that appellant failed to preserve error, and in addition, that she was not harmed by the absence of the instruction.

In order to preserve jury charge error, the defendant must "present his objections ... distinctly specifying each ground of objection." TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1996). In *Pennington v. State,* 697 S.W.2d 387 (Tex.Crim.App.1985), the court discussed this requirement of article 36.14, stating:

This article is mandatory and there must be strict compliance with its provisions to warrant review. The real purpose of this enactment is to enable the trial judge to know in what respect the defendant regards the charge as defective and to afford him an opportunity to correct it before reading the charge to the jury. This article serves a salutary purpose in preventing the trial judge from being 'sand-bagged' and in preventing unnecessary reversals. It is a statute which the courts can neither ignore nor emasculate. Thus as a predicate for complaint to a jury charge on appeal the accused is required to distinctly specify each ground of objection.

*Id.* at 390 (citations omitted).

Appellant objected to the charge in the following manner:

COURT: Now in addition to those—uh— you want what sort of a—charge?

COUNSEL: Mistake of fact, Your Honor.

COURT: Mistake of fact?

COUNSEL: 802, yes, Your Honor.

COURT: What does the Prosecution say about that?

STATE: Your Honor, I don't think that there has been any evidence raised that the Defendant was mistaken as to the fact that her son was burned, and I feel like that he is not entitled to a charge of mistake of fact.

COURT: I don't think—uh—I don't think a mistake of fact—uh—a mistake of fact Charge is applicable here and I'm going to deny your request for a mistake of fact Charge.

CANTU: May I read it to the Court Reporter after we're completed, Your Honor?

THE COURT: If you wish. And read what you want to have into the Charge, yes.

■ Two decisions show that this request was too general to preserve error because it failed to apply the requested instruction to any particular mistaken fact. In *Hefner v. State,* 735 S.W.2d 608, 620 (Tex.App.—Dallas 1987, pet. ref'd), the defendant waived error by requesting only a general mistake of fact instruction that completely failed to apply that defense to the facts of that case. The court wrote:

> The instruction ... fails to apprise the trial court of *what mistake of fact* Hefner is relying upon. Hefner cannot simply request a general charge on mistake of fact and hope that the jury can magically ascertain what belief he formed.

*Id.* (emphasis in original). The *Hefner* court cited *Beggs,* 597 S.W.2d 375, as authority. *Beggs* is the converse of *Hefner* and of this case. In *Beggs,* the trial judge denied the defendant's requested instruction that specifically identified his mistake of fact and applied it in defense of the specific allegations "in paragraph 3" of the jury charge. *Id.* at 378–79. Instead, the judge gave a general mistake of fact instruction, but wholly failed to apply it to the facts of the case. *Id.* That was held to be reversible error. Appellant's request was like that in *Hefner,* not like that in *Beggs.* Thus, it was not adequate to apprise the trial judge of the relief appellant sought.

Here, the jury charge authorized appellant's conviction either 1) for scalding her child with hot water or 2) for failing to provide him proper medical care after the scalding. Given these two alternate theories of guilt, it was necessary for appellant to tell the judge what fact she was mistaken about, *i.e.,* the temperature of the water when she placed the child in the bath tub or that the child did not require medical attention. Indeed, the prosecutor responded that the mistake of fact defense did not apply because, "I don't think there has been any evidence raised that the Defendant was mistaken as to the fact that her son was burned." Defense counsel said nothing more. In this context, the trial judge may not have understood that appellant's attorney was requesting a mistake of fact instruction as to the temperature of the water, rather than an instruction on whether the appellant understood the nature of the child's injuries. Defense counsel failed to clarify how the defense applied. Given article 36.14's strict requirement of distinctly specifying the grounds of the objection and appellant's failure to state how the mistake of fact defense should be applied to the facts of the case, we hold she has failed to preserve this point of error.

■ Because there was no proper objection, we must next decide whether the error was so egregious that it denied appellant a fair trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). The extent of harm must be determined in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and other relevant information revealed by the record of the trial as a whole. *Id.*

■ Appellant was not harmed because, on appeal, she complains of the absence of a mistake of fact instruction only as it relates to placing the child in the water. She does not contend that she was entitled to the instruction on the State's other theory, the knowing failure to seek medical care. We agree with the trial prosecutor that she was not entitled to the instruction on that theory because she admitted she knew immediately that the child was hurt because his skin "peeled off" as she removed him from the bathtub. Even when her new landlord saw the·child's injuries and offered to take appellant and the child to a doctor, appellant refused, falsely stating she had taken the child to a doctor who told her the child had bronchitis.

■ When a jury is authorized to convict on several theories but the evidence supports only one of them, courts presume there is no error because the jury found the defendant guilty based on the properly submitted theory. *Bailey v. State*, 532 S.W.2d 316, 323 (Tex.Crim.App.1976). Likewise, we presume the jury convicted appellant on the theory of failing to seek medical aid, and appellant does not contend she was entitled to a mistake of fact instruction on that theory. *See also McKelvy v. Barber*, 381 S.W.2d 59, 62 (Tex.1964) (appellant must attack all alternate grounds of trial court's judgment in order to prevail on appeal).

■ Courts have held in other contexts that a mistake of fact instruction is not required if the charge, as a whole, requires the jury to find the defendant acted intentionally or knowingly, i.e., without mistake. *See Bruno v. State*, 845 S.W.2d 910, 912–13 (Tex. Crim.App.1993) (in unauthorized use of motor vehicle prosecution where defendant claimed consent from vehicle's true owner, no mistake of fact instruction was required, but one would have been required if the defendant had testified he got permission to operate vehicle from a third party whom he mistakenly believed to be the owner); *Willis v. State*, 802 S.W.2d 337, 340 (Tex.App.—Dallas 1990, pet. ref'd) (in theft case, no instruction

needed on good faith purchase, in light of entire jury charge). Despite these holdings in theft cases, *Beggs* plainly requires the instruction in an injury to a child case. 597 S.W.2d at 378. Except for *Beggs*, we would hold the failure to give the instruction harmless in this case, even as to the theory of placing the child in the scalding water. The charge gave the jury the option of finding appellant guilty of injuring the child recklessly or with criminal negligence. Criminal negligence means the failure to perceive a risk the defendant should have perceived. That is difficult to distinguish from a mistake of fact. Far from finding appellant guilty of criminal negligence, the jury found she acted with the highest degrees of culpability, intentionally and knowingly. These are the opposite of mistake of fact. Thus, the jury was required to find there was no mistake of fact in order to find that appellant acted intentionally and knowingly, as defined in the jury charge and in Tex.Penal Code Ann. § 6.03 (Vernon 1995). This would seem to make such error harmless because the charge, as a whole, protected appellant's right to be acquitted if she was mistaken about the water temperature. Nevertheless, the *Beggs* opinion seems to preclude such a holding. We therefore rest our conclusion on the presumption that the jury found appellant guilty of injury by omission, failing to seek medical care.

The second point of error is overruled.

In her third point of error, appellant contends that if her counsel failed to preserve error in the lack of a mistake of fact instruction, he was ineffective.

■ In order to show ineffective assistance of counsel, appellant must demonstrate: 1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms; and 2) a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim. App.1986).

The jury was authorized to convict appellant for failing to seek medical attention, and by its general verdict, we presume it did so. *Bailey*, 532 S.W.2d at 323. On appeal, appellant does not argue that she was entitled to a mistake of fact instruction on that theory. Thus, she has not shown either that counsel was deficient or that the result, in reasonable probability, would have been different if the instruction had been given.

We overrule the third point of error.

The judgment is affirmed.