R00356.aa1; E. Garza v. SOT



NUMBER 13-00-356-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

ENRIQUE GARZA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 105th District Court of Nueces County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


Appellant, Enrique Garza, was charged by indictment with one count of aggravated kidnapping. A jury found him guilty of
the lesser included offense of kidnapping, and the trial court assessed his punishment at twelve years imprisonment and a
$1,000 fine. In five issues, appellant contends: (1) the trial court erred in giving a supplemental charge to the jury, (2) he
was impermissibly denied the right to testify in his own behalf, and (3) he received ineffective assistance of counsel. We
reverse and remand.

A. Background

The victim, appellant's ex-girlfriend, testified that appellant forced her into her truck at knife point, and held her against her
will for several hours. Other eyewitnesses testified that appellant forced the victim into the truck, but could not
conclusively say that appellant held a knife while doing so. Appellant drove the victim around for several hours; they
stopped at appellant's step-sister's house, and at a convenience store. The victim testified that she did not ask for help or
alert anyone at either place that she had been kidnapped because she was afraid appellant might become violent if she did.
The truck was eventually stopped by police, and appellant was apprehended.

B. The Supplemental Charge

The trial court prepared a charge that included only the offense of aggravated kidnapping. Neither the State nor appellant
objected to the charge. In his closing argument, appellant's counsel argued that no knife was used, and that the victim had
not been taken and held without her consent. After deliberating for a little more than an hour, the jury sent out the
following note:

We have a hung jury. 9 guilty; 3 not guilty. The issue is not enough evidence that the defendant actually had the knife in
his possession. 

After the lunch recess, the judge proposed a supplemental charge that included a charge on the lesser included offense of
kidnapping. The State had no objection, but appellant did.

Appellant's Counsel: Your Honor, the Defense does object to the supplemental Charge to the jury. We think that because
this Charge has not been argued to the jury previously, and because of that and not having a chance to argue this to the jury
that Mr. Garza's due process rights will probably be violated because of this. And taking it one step farther, the entire
dynamic of the jury has been built around the Charge that's there now. This will, in essence, change the dynamic of the jury
in mid-process and I think that will be very detrimental to Mr. Garza's due process rights within the trial, Your Honor.

The Court: Did you hear me that I said that I would give you the opportunity to argue again after I deliver the
supplemental Charge to the jury?

Appellant's Counsel: No, Your Honor, I did not.

The Court: Well, that's what I said. So you will have the opportunity to give additional argument to the jury, if you wish.

Appellant's Counsel: Well, as part of our objection, Your Honor, our entire defense was built around the aggravated
kidnapping charge and so we had not prepared any part of our defense for a lesser included.

The Court: All right. The Court will overrule those objections.

After additional argument by both sides, the supplemental charge was submitted to the jury. Four minutes later, the jury
announced it had reached a verdict.

1. Article 36.16


In his second issue, appellant contends the trial court's submission of the supplemental charge violated article 36.16 of the
code of criminal procedure. (1) The State argues that appellant's objection to the supplemental charge was not based on
article 36.16. We agree.

Article 36.16 provides:

After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel
or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony, and in the
event of such further charge, the defendant or his counsel shall have the right to present objections in the same manner as is
prescribed in Article 36.15.

Tex. Code Crim. Proc. Ann. art. 36.16 (Vernon1981). To preserve jury charge error, the defendant's objection must be
specific and clear enough to apprise the trial court of the nature of the objection. Tex. Code Crim. Proc. art. 36.14; Tex. R.
App. P. 33.1(a)(1)(A); Pennington v. State, 687 S.W.2d 387, 390 (Tex. Crim. App. 1985); Williams v. State, 930 S.W.2d
898, 902 (Tex. App.-Houston [1st Dist.] 1996, pet. ref'd). If a specific objection to a charge is not raised at trial, it is not
preserved for appeal. Calicult v. State, 503 S.W.2d 574, 576 n.3 (Tex. Crim. App. 1974); Loving v. State, 947 S.W.2d 615,
619 (Tex. App.-Austin 1997, no pet.); Duc Vu v. State, 750 S.W.2d 8, 9 (Tex. App.-Texarkana 1988, pet. ref'd).

After reviewing the record, we hold appellant did not object to the charge specifically on article 36.16 grounds. Therefore,
appellant's second issue is overruled. However, because appellant has complained of jury charge error, our inquiry cannot
end here.

2. Unobjected-To Charge Error 


In his third issue, appellant contends the trial court's submission of the supplemental charge constitutes reversible charge
error under Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984).

It is well-settled that an appellant who complains on appeal of an unobjected-to, non-constitutional jury charge error will
obtain a reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial.
Jimenez v. State, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984). Appellant argues that, even though he did not object to the charge specifically on article 36.16 grounds, the
submission of the supplemental charge was error under that article, and its submission to the jury constitutes egregious
error.

Egregious error must "go to the very basis of the case," deprive the accused of a "valuable right," or "vitally affect his
defensive theory." Almanza, 686 S.W.2d at 172. Egregious error deprives the defendant of a fair and impartial trial.
Jimenez, 23 S.W.3d at 235. In evaluating whether egregious harm has occurred, the appellate court should review the
evidence presented at trial, along with "any other part of the record as a whole which may illuminate the actual, not just
theoretical, harm to the accused." Id. at 174.

We conclude the submission of the supplemental charge was error under article 36.16. None of the prerequisites of the
article was met in this case; the jury did not request further instructions, and there had been neither improper argument nor
any new testimony adduced after the original charge was given. We further conclude that the erroneous submission of the
lesser included offense of kidnapping, after the jury had begun to deliberate, egregiously harmed appellant by depriving
him of a valuable right - his right to representation by counsel.

Appellant's trial counsel could have requested the inclusion of a charge on kidnapping, but he made a tactical decision not
to do so. In his closing argument, counsel stressed that the victim had not been taken without her consent, and that a knife
was not used. The jury's note clearly shows that the jury was hung on the issue of whether appellant used a knife in the
offense. The trial court's decision to supplement the charge with the kidnapping charge effectively overrode the
professional judgment of appellant's counsel that there was not enough evidence to convict appellant on the aggravated
kidnapping charge and that the jury would have to acquit him. See Murray v. State, 857 S.W.2d 806, 811 (Tex. App.-Fort
Worth 1993, pet. ref'd) (supplemental charge adding a definition of "in the course of theft" to include an attempt to flee
violated appellant's right to counsel). 


Furthermore, the supplemental charge vitally affected a defensive theory. In his first closing argument, appellant's counsel
pursued two theories: (1) that appellant and the victim were merely engaged in a lover's quarrel and the victim was not
taken without her consent, and (2) that appellant did not use a knife. To convict appellant of aggravated kidnapping, the
jury was required to disbelieve both of appellant's defensive theories; to convict appellant of kidnapping, the jury was
required to disbelieve only the first theory - that the victim consented to going with appellant. As one court has noted:

When the judge gave the [supplemental] parties instruction, it must have seemed to the jury as if he was answering defense
counsel's argument with a written rebuttal. From then on, it was as if counsel's opponent was not the prosecutor, but the
judge. That denied appellant a fair trial.

Moore v. State, 848 S.W.2d 920, 923 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd) (holding a supplemental charge
adding a charge on the law of parties denied appellant a fair trial). We conclude the opportunity to "re-close" did not cure
this defect. We hold the trial court's supplementation of the charge to add a kidnapping charge after deliberation had begun
and the jurors had announced they were deadlocked on the issue of whether a knife was used constitutes egregious error.

We sustain appellant's third issue. We need not address appellant's remaining issues because our decision on this issue is
dispositive of the case. See Tex. R. App. P. 47.1.

The judgment of the trial court is reversed, and the case is remanded for a new trial.



FEDERICO G. HINOJOSA

Justice



Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this

 the 28th day of June, 2001.

1. Tex. Code. Crim. Proc. Ann. art. 36.16 (Vernon 1981).