

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00019-CR

JOVAN NATHANIEL PAGE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1414949D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Jovan Nathaniel Page appeals his conviction for murder. He raises twenty points; one point challenges the sufficiency of the evidence to support his conviction, and nineteen points claim that the trial court abused its

---

[1]*See* Tex. R. App. P. 47.4.

discretion by overruling rule 403 objections that Appellant asserted when various State's exhibits were offered into evidence. We will affirm.

## II. FACTUAL BACKGROUND

At about 2:00 a.m. on Monday, May 11, 2015, Appellant and Kenneth Roberts showed up on the front doorstep of Jordan Warren's home; a third companion, Delana Love, waited in the car. Appellant and Roberts were Warren's friends and asked to borrow Warren's handgun. Warren agreed. Appellant and Roberts left with Warren's gun. A few hours later, Appellant and Roberts returned the gun to Warren; Appellant bragged to Warren that he had used the gun during a drug deal to disarm a man, David Gentry, and had then shot Gentry with his own gun.

At work later that Monday, as Warren mulled over these events, he began to suspect that Appellant had lied about whose gun he used to shoot Gentry. When Warren arrived home from work, he checked the clip of his gun and saw that bullets were missing. Warren decided he should get rid of the gun and wiped it down. Eventually, Warren spoke with Appellant over the phone, and Appellant confirmed that he had used Warren's gun to shoot Gentry.

By Wednesday, police had received various tips about Gentry's murder and were searching for Appellant and Roberts. Roberts turned himself in on a different charge and told police that he and Appellant had returned the gun used in Gentry's murder to Warren. Warren relinquished his gun to police, and

2

through forensic analysis, the State matched a shell casing found at the murder scene and bullet fragments found in Gentry's head to Warren's gun.

## III. SUFFICIENCY OF THE EVIDENCE

In his first point, Appellant argues that the "State failed to meet its burden of proof, proof beyond a reasonable doubt, in that it failed to prove that Appellant committed the offense as is set out in the indictment."[2]  The indictment alleged that Appellant did

> THEN AND THERE INTENTIONALLY CAUSE THE DEATH OF AN INDIVIDUAL, CHARLES DAVID GENTRY, BY SHOOTING HIM WITH A FIREARM, AND THE SAID DEFENDANT WAS THEN AND THERE IN THE COURSE OF COMMITTING OR ATTEMPTING TO COMMIT THE OFFENSE OF ROBBERY OF CHARLES DAVID GENTRY[.]

*See* Tex. Penal Code Ann. § 19.02 (West 2011).  The jury charge contained an instruction on the co-conspirator theory of party liability, which provides that

> [i]f, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

*See id.* § 7.02(b) (West 2011).

---

[2]Appellant also argues under his first point that "[n]othing in *Jackson* precludes the appellate courts from conducting further examinations of the sufficiency of the evidence once the evidence has been found to be legally sufficient.  *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)."  Because we are bound by the Texas Court of Criminal Appeals's opinion in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), which overruled *Clewis*, we are precluded from conducting an examination of the sufficiency of the evidence beyond that mandated by *Jackson*, and accordingly, we do not do so.

In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979). The State points to the following evidence as sufficient to support Appellant's conviction for murder as a co-conspirator.

Appellant had the idea to "hit a lick," meaning steal from someone. Appellant and Roberts borrowed Warren's gun on the night of the murder. Bullets were missing when Appellant and Roberts returned the gun to Warren. Love testified that she, Appellant, and Roberts went to Warren's house on May 11, 2015. Cell phone data placed Love's phone in the vicinity of Warren's house between 1:23 a.m. and 1:26 a.m. on May 11, 2015. Love testified that she, Appellant, and Roberts went to Gentry's house when they left Warren's house. Cell tower data indicates that on May 11, 2015, Love's phone traveled between the vicinity of Warren's house and the vicinity of Gentry's house between 1:29 a.m. and 1:46 a.m. Love estimated that she, Appellant, and Roberts were at Gentry's house at some time around 2:00 a.m. on May 11, 2015.

Appellant and Roberts entered Gentry's house while Love waited in the car. After waiting about ten minutes, Love heard a gunshot, and Appellant and Roberts exited Gentry's house about two minutes later. Cell tower data shows Love's phone in the vicinity of Gentry's house from about 1:46 a.m. to 2:04 a.m. on May 11, 2015.

4

Appellant had sold his gun to Gentry a couple of weeks prior to the murder. Gentry had a gun in his house the night he was murdered, but no gun was found at the murder scene. Appellant possessed two guns after the murder and said that "he got his bitch back," meaning his gun. Love testified that Appellant and Roberts confessed to her that Appellant had shot Gentry in the head and that Gentry was dead. The night of the murder, Warren's wife heard Appellant confess that he had shot Gentry. Appellant later confessed to Warren that he had used Warren's gun to shoot Gentry. The bullet casing found at the murder scene matched Warren's gun, and bullet fragments found in Gentry's head were fired by Warren's gun.

We agree with the State that from this evidence

> a reasonable jury could conclude beyond a reasonable doubt that Roberts and Appellant conspired to rob Gentry; that they borrowed [Warren]'s gun because Appellant had sold his to Gentry; that Appellant or Roberts intentionally shot Gentry in the back of the head, killing him; that the murder was committed in the furtherance of the conspiracy to commit aggravated robbery; and[] that Appellant should have anticipated that murder could occur as a result of committing aggravated robbery with a handgun. In other words, this evidence is legally sufficient to support Appellant's murder conviction as the principal or as a co-conspirator.

We overrule Appellant's first point. *See, e.g.*, *Temple v. State*, 390 S.W.3d 341, 362–63 (Tex. Crim. App. 2013) (holding evidence sufficient to support murder conviction); *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994) (holding evidence sufficient to show conspiracy), *cert. denied*, 519 U.S. 1030 (1996).

5

## IV. RULE 403 OBJECTIONS

In his second through twentieth points, Appellant argues that the trial court abused its discretion by overruling each of the rule 403 objections he asserted to various State's exhibits. Appellant's complaint under each of points two through twenty is that the trial court did not conduct a balancing test as required by rule 403. *See* Tex. R. Evid. 403. Appellant's argument and analysis is the same for each of his second through twentieth points, except each point identifies a different State's exhibit or exhibits as the focus of Appellant's rule 403 objection. Appellant asserted, and the trial court overruled, rule 403 objections to the following State's exhibits; Appellant challenges these rulings as set forth below:

Point 2: State's Exhibits 76 and 77, which show a cell phone that was seized.

Point 3: State's Exhibit 80, which shows the cell phone examination results.

Point 4: State's Exhibit 83, which shows a cell phone.

Point 5: State's Exhibit 86, which shows a cell phone examination report.

Point 6: State's Exhibits 62 and 63, which show cell phone information.

Point 7: State's Exhibit 67, which shows a cell phone examination.

Point 8: State's Exhibit 74, which shows cell phone examination results.

Point 9: State's Exhibit 123, which shows a cell phone.

Point 10: State's Exhibits 70 and 71, which show cell phone information.

Point 11: State's Exhibit 81, which is slang talk about a drug deal.

Point 12: State's Exhibit 69, which shows phone records of Roberts and Appellant.

Point 13: State's Exhibits 89 and 90, which show Appellant's phone records.

Point 14: State's Exhibits 126, 127, and 130, which show cell phones.

Point 15: State's Exhibit 128, which shows a cell phone.

Point 16: State's Exhibit 88, which shows text messages on co-defendant Love's cell phone.

Point 17: State's Exhibit 122 A, which shows the bullet fragments from Gentry's head.

Point 18: State's Exhibits 119, 121, and 129, which show bullets and bullet fragments.

Point 19: State's Exhibits 101–116, which show the deceased.

Generally, to preserve error for review, a party's objection "must be specific enough so as to 'let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" *Resendez v. State*, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). A general objection that evidence should not be admitted under rule 403 is not sufficient to preserve error because it fails to identify for the trial court which of the five distinct grounds for excluding evidence listed in the rule is being argued as a basis for exclusion.[3] *Checo v. State*, 402 S.W.3d 440, 451 (Tex. App.—

---

[3]Texas Rule of Evidence 403 provides:

7

Houston [14th Dist.] 2013, pet. ref'd); *Williams v. State*, 930 S.W.2d 898, 901 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *see also Lewis v. State*, No. 02-16-00179-CR, 2017 WL 2686325, at *9 (Tex. App.—Fort Worth June 22, 2017, pet. filed) (mem. op., not designated for publication) (holding objection that evidence was prejudicial not specific enough to preserve rule 403 complaint).

At trial, when the State's exhibits identified above were offered into evidence, Appellant asserted only a general rule 403 objection.[4] Appellant's general rule 403 objections were not specific enough to let the trial judge know why Appellant believed the objected-to State's exhibits were not admissible based on rule 403. *See Resendez*, 306 S.W.3d at 312–13; *Checo*, 402 S.W.3d at 451. Because Appellant's rule 403 objection was not sufficiently specific, error was not preserved in the trial court for our review. *See* Tex. R. App. P. 33.1(a)(1)(A); *Checo*, 402 S.W.3d at 451; *Williams*, 930 S.W.2d at 901; *see also Lewis*, 2017 WL 2686325, at *9.

We overrule Appellant's second through twentieth points.[5]

---

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.

Tex. R. Evid. 403.

[4]Appellant objected by stating, "I make a 403 objection to 69, Your Honor"; "[s]eventy-four, objection under 403"; or a similar general objection.

[5]To the extent Appellant includes a sentence under the analysis of points two through twenty that "[t]he proper predicate was not laid for the introduction of the State's evidence[,]" that objection was not made in the trial court and is,

8

## V.  CONCLUSION

Having overruled each of Appellant's points, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 26, 2017

---

consequently, likewise not preserved for our review.  *See* Tex. R. App. P. 33.1(a)(1)(A).