

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00292-CR
No. 07-18-00293-CR
_____

CHRISTOPHER MARTIN GIDNEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from County Criminal Court Number 7
Tarrant County, Texas
Trial Court Nos. 1513181 & 1513183; Honorable Mike Mitchell, Presiding

March 13, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following pleas of not guilty, Appellant, Christopher Martin Gidney, was convicted by a jury of the offense of resisting arrest, search, or transportation, in trial court cause number 1513181, a Class A misdemeanor,[1] and of the offense of criminal trespass, in trial court cause number 1513183, a Class B misdemeanor.[2] Punishment was assessed

---

[1] TEX. PENAL CODE ANN. § 38.03(a), (c) (West 2016).

[2] TEX. PENAL CODE ANN. § 30.05(a)(2) (West Supp. 2019).

by the jury at forty-five days confinement in the Tarrant County Jail and a $1,000 fine for resisting arrest and one day confinement and a $500 fine for criminal trespass, with the two sentences ordered to be run concurrently. The trial court suspended the sentences in favor of twelve months community supervision. Appellant timely filed separate notices of appeal as to each offense.[3] In challenging his convictions, Appellant presents two issues—one in each appeal—maintaining the trial court erred in refusing to include his requested charge instruction on mistake of fact. We affirm.

## BACKGROUND

Appellant was born deaf and communicates through American Sign Language.[4] In 2014, Paul Scott, manager of a Firestone location in Irving, Texas, hired Appellant as an auto mechanic. Subsequently, Scott was transferred to another Firestone location and Appellant transferred to that location with him. On Tuesday, September 5, 2017, Scott communicated with Appellant via a written note that he was being "let go" from his employment. Appellant crumpled the note and threw it away.

Appellant's mother was called to explain with her limited sign language skills that Appellant had been fired. He refused to accept his termination contending that only Scott's supervisor could fire him. The next day, Wednesday, Appellant and Scott were both scheduled to be off work. Appellant, however, reported for work and, with Scott not

---

[3] Originally appealed to the Second Court of Appeals, these appeals were transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Second Court of Appeals and this court on any relevant issue, these appeals will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[4] Appellant proffered an expert witness in American Sign Language. After the trial court conducted a hearing pursuant to Rule 702 of the Texas Rules of Evidence, the expert was permitted to testify before the jury on effective communication with the deaf, but not on her opinion of Appellant's understanding of the incident that resulted in his convictions. *See* TEX. R. EVID. 702. *See also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 501 U.S. 579, 589-91, 113 S. Ct. 2786, 25 L. Ed. 2d 469 (1993).

2

being present, he was permitted to perform his regular duties. On Thursday, Appellant reported for work again and was permitted to perform his regular duties; however, this time, he was again admonished to not return and Scott was directed by his immediate supervisor to call the police and have Appellant removed from the premises if he showed up to work on Friday morning. On Friday, Appellant did show up expecting to work and the police were called. Officer Dykes of the Watuga Police Department arrived at Firestone a short time later. Officer Dykes was immediately advised that Appellant was deaf and he began communicating with Appellant by using written notes and text messages.

Fearing that the situation was escalating, Officer Dykes requested that his partner come to Firestone to assist him. Officer Dykes wrote several notes on a pad explaining to Appellant that he needed to leave or he would be arrested. Subsequently, Appellant was issued a written trespass warning advising him not to return to the Firestone location, and further advising him that to do so "would constitute an Offense of Criminal Trespass."

Confused, Appellant circled the word "criminal" on the written warning and mouthed that he did not understand and that he was not a criminal. At that point, Appellant was formally warned in writing that if he did not leave the premises, he would be arrested. When Appellant refused to leave, the officers attempted to arrest him. As they tried to reach for his arms to handcuff him behind his back, a physical altercation ensued. As a result of that altercation, Appellant was charged with resisting arrest and criminal trespass. Following a jury trial, he was convicted of both offenses and assessed the sentences described above. These appeals followed.

**APPLICABLE LAW—MISTAKE OF FACT**

A defendant is entitled to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or uncontradicted, and regardless of how the trial court views the credibility of the defense. *Walker v. State*, 300 S.W.3d 836, 847 (Tex. App.—Fort Worth 2009, pet. ref'd) (citations omitted). A defendant is entitled to an instruction on the defense of mistake if there was evidence that, through a mistake, he formed a reasonable belief about a matter of fact and his mistaken belief would negate his intent or knowledge. *Celis v. State*, 416 S.W.3d 419, 430 (Tex. Crim. App. 2013). The instruction applies only with respect to elements that require proof of a culpable mental state. *Id.* However, when the evidence fails to raise a defensive issue, the trial court does not err in refusing to include the requested instruction in the court's charge. *Bottoms v. State*, No. 02-07-178-CR, 2008 Tex. App. LEXIS 1339, at *11 (Tex. App.—Fort Worth Feb. 21, 2008, no pet.) (mem. op., not designated for publication) (citing *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993), *cert. denied*, 510 U.S. 837, 114 S. Ct. 116, 126 L. Ed. 2d 82 (1993)).

It is a defense to prosecution that the actor, through mistake, formed a reasonable belief about a matter of fact, and that mistaken belief about a fact negated the kind of culpability required for commission of the offense. TEX. PENAL CODE ANN. § 8.02(a) (West 2011). A "reasonable belief" is a belief that would be held by an ordinary and prudent person in the same circumstances as the actor. *Id.* at § 1.07(a)(42) (West Supp. 2019).

To determine if the evidence raised the issue of mistake of fact, we view the evidence in light of each statutory provision. A person commits resisting arrest, search, or transportation "if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting

4

an arrest, search or transportation of the actor or another by using force against the peace officer or another." *Id.* at § 38.03(a) (West 2016). A person commits criminal trespass if he "engages or remains on or in property of another, including . . . a building . . . without effective consent and the person . . . had notice to depart but failed to do so." *Id.* at § 30.05(a)(2) (West Supp. 2019). Notice means an "oral or written communication by the owner or someone with authority to act for the owner." *Id.* at § 30.05(b)(2)(A). "'Consent' means assent in fact, whether express or apparent.'" *Id.* at § 1.07(a)(11).

### ANALYSIS

By a sole issue in each appeal, Appellant maintains the trial court erred in refusing to include a mistake of fact instruction in each charge to the jury. We disagree.

After the testimony concluded in the guilt-innocence phase of trial, outside the jury's presence, defense counsel asked the following, "[a]t this time I ask for a mistake of fact instruction as to both criminal trespass and resisting arrest. I've prevented - - or presented evidence as to [Appellant's] culpable mental state in that he had a mistake of fact concerning both offenses." Counsel cited several cases to the trial court and argued that when "an accused presents evidence to raise the issue of mistaken belief as to a culpable mental element of the offense, he is entitled to a defensive instruction on mistake of fact." Counsel never identified, however, which fact or set of facts he believed raised the issue of mistake of fact. The trial court denied defense counsel's requested instruction.

Here, in response to Appellant's argument in each appeal, the State contends that he only made a general request for a mistake of fact instruction. *See Mays v. State*, 318 S.W.3d 368, 382 n.38 (Tex. Crim. App. 2010); *Goodrich v. State*, 156 S.W.3d 141, 147-

5

48 (Tex. App.—Dallas 2005, pet. ref'd); *Williams v. State*, 930 S.W.2d 898, 903 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (finding that objections to the trial court's charge for omitting mistake of fact instructions without each defendant specifically alleging the facts which were mistaken were too general to preserve the complaints for appellate review). *See also Winsett v. State*, Nos. 02-18-00325-CR, 02-18-00326-CR, 2019 Tex. App. LEXIS 4277, at *7 (Tex. App.—Fort Worth May 23, 2019, no pet.) (mem. op., not designated for publication) (holding that failing to specify for the trial court what mistake of fact the defendant was relying on to justify the instruction waived alleged error).

Assuming, *arguendo*, that the evidence, however weak or strong, unimpeached or uncontradicted, did raise a defensive issue on mistake of fact, the requested instruction in the underlying case was too general to preserve Appellant's complaint on appeal. The request failed to articulate which specific facts he was relying on to negate his culpable mental state for each offense or explain how such a mistake of fact, if established, would negate the required culpable mental state for the offense at issue. Without a more detailed request for a mistake of fact instruction, Appellant has procedurally defaulted his complaint in each appeal. His sole issue is overruled.

### REFORMATION OF JUDGMENT

In reviewing the records, it has come to this court's attention that the trial court's judgment contained in the clerk's record in trial court cause number 1513183 reflects a clerical error. The summary portion of the judgment under "Statute for Offense" reflects that Appellant was convicted under "§ 30.05(A)(2)(D)" of the Texas Penal Code. However, the correct section is 30.05(a)(2).

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. Thus, we modify the trial court's judgment in trial court cause number 1513183 to reflect the "Statute for Offense" as "§ 30.05(a)(2)" in the summary portion of the judgment.

### CONCLUSION

The trial court's judgment in trial court cause number 1513181 is affirmed; as modified, the trial court's judgment in trial court cause number 1513183 is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

7