

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00482-CR

Vincent Jeffrey **SEARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A21432
Honorable Albert D. Pattillo, III, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: April 24, 2024

AFFIRMED

A jury convicted appellant Vincent Jeffrey Seard of capital murder, and he received an automatic life-without-parole sentence. *See* TEX. PENAL CODE ANN. §§ 12.31(b)(2), 19.03(a)(7)(A). In two issues, Seard challenges the admission of crime scene photographs and autopsy photographs. We affirm.

### BACKGROUND

Seard was charged with capital murder after brutally killing Terry Ingram and Patricia Ann Kutzer (sometimes respectfully referred to collectively as "the victims") in 2003. Seard had never

met Mr. Ingram or Mrs. Kutzer before encountering them at the Kutzer's ranch outside Comfort, Texas. Mr. Ingram kept pigs out at the Kutzer's ranch and on the day of his murder, he went to the ranch to pick up some pigs to sell. When Mr. Ingram did not return to Comfort in a timely fashion, his son went out to the Kutzer's ranch where he found his father and Mrs. Kutzer bludgeoned to death, with Mrs. Kutzer lying on top of his father.

Seard had strewn various pictures and other items from inside the Kutzer home around the victims. Seard also placed a poster with his picture on it beside the victims and left personal items, including photographs, posters with his image and name, his driver's license, and clothing inside the Kutzer home. Seard left his dog at the Kutzer ranch and drove away. Seard was eventually arrested in California and confessed. He provided the horrific details of Mr. Ingram's and Mrs. Kutzer's murders.

According to Seard, after exiting the nearby highway and ending up at the Kutzer home, he later encountered Mr. Ingram near a gate in the front of the house. Mr. Ingram asked Seard what he was doing on the property and told Seard he needed to leave. Seard then attacked Mr. Ingram, beating him with his fist, a skillet, and a rock. Seard then dragged Mr. Ingram by a dog chain to the driveway, ran over him with a truck, placed his t-shirt over Mr. Ingram's face, and shoved a knife with a dead bird into Mr. Ingram's mouth. Seard then explained when Mrs. Kutzer arrived at her house, she saw Mr. Ingram lying on the ground and asked Seard what happened. Seard then attacked Mrs. Kutzer by her car. Seard beat Mrs. Kutzer with a brick and then dragged her to Mr. Ingram's body and laid her on top of Mr. Ingram. Seard placed the handle of the skillet he used to beat Mr. Ingram down the back of Mrs. Kutzer's pants.

Initially, Seard was declared incompetent to stand trial. Following the restoration of his competency years later, he stood trial for capital murder. The jury found Seard guilty. Because the

State waived the death penalty, the trial court assessed Seard with an automatic life-without-parole sentence. *See* TEX. PENAL CODE ANN. § 12.31(b)(2).

Seard appeals. Seard contends in two identical issues that the trial court abused its discretion in admitting crime scene and autopsy photographs because, under Rule 403 of the Texas Rules of Evidence, the photographs' probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403.

## STANDARD OF REVIEW

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion if the decision falls outside the zone of reasonable disagreement. *Id.* at 83. Before we may overrule a trial court's evidentiary decision, we must hold that the trial court's ruling was so clearly wrong as to lie outside the zone of reasonable disagreement. *Id.*

## APPLICABLE LAW

A trial court has considerable discretion when ruling on the admissibility of photographs. *See Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988); *see also Shuffield v. State*, 189 S.W.3d 782, 786 (Tex. Crim. App. 2006). "A photograph is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Penry v. State*, 903 S.W.2d 715, 751 (Tex. Crim. App. 1995) (citing TEX. R. EVID. 401) (internal citations omitted).

Texas Rule of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403; *see also Young v. State*, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009). "Rule 403 favors

the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002).

Relevant factors in determining whether the probative value is outweighed by the danger of unfair prejudice in admitting photographs include: "the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or black and white, whether they are close-up, [] whether the body depicted is clothed or naked[,]" as well as the availability of other means of proof and the unique circumstances of each case. *Young*, 283 S.W.3d at 874; *see Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006) (providing factors[1] a trial court must consider in conducting a Rule 403 balancing test); *Fields v. State*, 515 S.W.3d 47, 56 (Tex. App.—San Antonio 2016, no pet.).

Photographs are generally admissible if verbal testimony about the matters depicted in the photographs is also admissible. *Young*, 283 S.W.3d at 875. A visual image of injuries inflicted on a victim by an appellant is evidence relevant to a jury's determination. *See Gallo v. State*, 239 S.W.3d 757, 763 (Tex. Crim. App. 2007) (concluding the trial court did not abuse its discretion in admitting twenty-three autopsy photographs of the unclothed deceased three-year-old victim depicting over 200 contusions and lacerations and additional internal autopsy examination photographs depicting the child's cracked ribs, fractured skull, and brain injuries that could not be

---

[1] When undertaking a Rule 403 analysis, we balance the following factors:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

seen from the external photographs). "The fact that the jury also hear[s] testimony regarding the injuries depicted does not reduce the relevance of the visual depiction." *Id.*

## CRIME SCENE PHOTOGRAPHS

In his first issue, Seard contends the trial court abused its discretion in admitting several of the State's crime scene photographs because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

While we recognize crime scene photographs contain graphic imagery, merely because a photograph is gruesome does not render it inadmissible. *See Chamberlain v. State*, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999). Gruesome crime scene photographs that depict a disagreeable reality simply depict the reality of the crime committed. *See id*. A trial court does not err by admitting photographs that are gruesome, rather, it is a matter of balancing the probative value against unfair prejudice. *Id.*; *Paredes v. State*, 129 S.W.3d 530, 540 (Tex. Crim. App. 2004) (holding the trial court did not abuse its discretion in admitting gruesome photographs of the charred victims and their gunshot wounds because the photographs depicted the realities of the crime committed and the efforts to cover up the crime).

The trial court held a Rule 403 hearing regarding the admissibility of the crime scene photographs, State's Exhibits 16-103. *See* TEX. R. EVID. 403. In objecting to the crime scene photographs, Seard described them as "incredibly gruesome, very bloody, [and] very difficult to look at[.]" Seard complained the State had a "multitude" of crime scene photographs that were repetitious and cumulative. Furthermore, Seard objected to the admission of the select crime scene photographs, asserting "the risk of unfair prejudice greatly outweighs [their] probative value[.]"

The trial court conducted its 403 balancing test and found the probative value of the crime scene photographs outweighed the danger of unfair prejudice or the needless presentation of

cumulative evidence. *See* TEX. R. EVID. 403. Specifically, the trial court noted that "the State has narrowed and selected an appropriate number of photographs," and it overruled Seard's objection.

Here, the complained of crime scene photographs are in color and show the victims as law enforcement found them. The photographs are from different distances and angles, including close-up ranges. The photographs show the full extent of both victims' numerous and significant injuries and other evidence Seard purposely placed around the victims. Because Mrs. Kutzer was found on top of Mr. Ingram, some of the photographs also depict the individual victims by themselves, being uncovered, rolled over to show further injuries, and being prepped for later transport. Some of the pictures also show the rock, the brick, and the dog chain used to drag Mr. Ingram.

The identities of the victims and the manner and means of death are facts that are of consequence to the determination of the action, which support the admissibility of these crime scene photographs. *Penry*, 903 S.W.2d at 751 (citing *Long v. State*, 823 S.W.2d 259, 271 n.18 (Tex. Crim. App. 1991)). Moreover, Seard confessed to committing the murders, and photographs that corroborate an appellant's confession have also been deemed relevant. *See Penry*, 903 S.W.2d at 751; *see also Long*, 823 S.W.2d at 273. The photographs here are consistent with Seard's confession of the murders.

Furthermore, while some of the crime scene photographs are taken at close range and others are not, some photographs are from different angles or vantage points and thus are not cumulative. *See Matamoros v. State*, 901 S.W.2d 470, 476 (Tex. Crim. App. 1995) (overruling argument that photographs were cumulative of video evidence; "Close-up photographs and photographs taken from different vantage points add to the jury's understanding of the condition of the crime scene."); *Williams v. State*, 294 S.W.3d 674, 686 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (concluding photograph not cumulative because it showed injuries from a side view while other

photographs showed frontal view); *Woods v. State*, 14 S.W.3d 445, 452–53 (Tex. App.—Fort Worth 2000, no pet.) (determining photograph not cumulative because it showed injuries to the child from a different angle, closer up, and clearer compared to another admitted photograph); *Williams v. State*, 930 S.W.2d 898, 902 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (concluding photograph not cumulative because it showed injuries clearer than other photographs).

After applying the appropriate factors, we cannot conclude the photographs are unnecessarily cumulative or that the probative value of the crime scene photographs is outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403; *see also Young*, 283 S.W.3d at 874; *Matamoros*, 901 S.W.2d at 476; *Fields*, 515 S.W.3d at 56. Accordingly, the trial court did not abuse its discretion in admitting the crime scene photographs. *See Penry*, 903 S.W.2d at 752.

We overrule Seard's first issue.

### AUTOPSY PHOTOGRAPHS

In his second issue, Seard argues the trial court abused its discretion in admitting the State's nine autopsy photographs because the probative value of this evidence was substantially outweighed by the danger of unfair prejudice.

Prior to the testimony of Bexar County Medical Examiner Dr. Elizabeth Peacock, the trial court held a Rule 403 hearing regarding the admissibility of autopsy photographs. *See* TEX. R. EVID. 403. Seard objected to the admission of the State's nine autopsy photographs claiming the medical examiner's testimony that the injuries sustained by the victims caused their death would sufficiently apprise the jury. Seard further argued the photographs were inflammatory, highly prejudicial, and cumulative. The trial court conducted its 403 balancing test and found the probative value of the autopsy photographs outweighed the danger of unfair prejudice. *See id.*

"Autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy itself." *Fields*, 515 S.W.3d at 57 (citing *Williams v. State*, 301 S.W.3d 675,

690 (Tex. Crim. App. 2009)). Autopsy photographs introduced to assist the medical examiner in explaining the injuries to the victim contribute to their admissibility. *See Williams*, 301 S.W.3d at 692–93. Dr. Peacock used the autopsy photographs to explain the victims' injuries and causes of death. The State's nine autopsy photographs are color photographs depicting the victims' bodies lying on the examining table in the condition they arrived from the scene and after they had been cleaned for the autopsy. Most of the photographs reveal the victims' facial and head wounds at varying angles and distances. Some photographs show the head wounds after some of the hair had been shaved, and a couple of the photographs include portions of a ruler to measure the wounds. Although the autopsy photographs are undeniably gruesome, they demonstrate elements of the offense the State was required to prove to obtain a conviction. *See Fields*, 515 S.W.3d at 57.

We conclude the trial court did not abuse its discretion in admitting the nine autopsy photographs. Considering the factors listed in *Young*, as well as the circumstances particular to this case, we conclude the nine autopsy photographs show the nature of the crime and were not so prejudicial as to outweigh their probative value. *Young*, 283 S.W.3d at 874.

We overrule Seard's second issue.

## CONCLUSION

Having overruled both of Seard's appellate issues, we affirm the trial court's final judgment.[2]

Irene Rios, Justice

DO NOT PUBLISH

---

[2] Seard has filed numerous documents, including letters, various requests, and arguably motions and a pro-se brief, throughout the pendency of his appeal. But Seard does not have a right to hybrid representation. *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004); *see also Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977) (defining hybrid representation as "representation partially pro se and partially by counsel"). Nor does he have a constitutional right to represent himself on direct appeal. *Scheanette*, 144 S.W.3d at 505 n.2. Thus, we will not address Seard's pro se filings.